UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YOLANDA IVETTE COTTO,<br>o/b/o M.J.C.R.,<br><br>                              Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>ACTING COMMISIONER OF<br>SOCIAL SECURITY,<br>                              Defendant. | Case # 13-CV-6581-FPG<br><br>DECISION AND ORDER |
| TRACIE ANN WAHL,<br><br>                              Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>ACTING COMMISIONER OF<br>SOCIAL SECURITY,<br>                              Defendant. | Case # 14-CV-6461-FPG<br><br>DECISION AND ORDER |

      In both of these cases, Plaintiffs brought suit against the Commissioner of Social Security and arguing they were improperly denied benefits under the Social Security Act, and both Plaintiffs were represented by attorney Howard Olinsky. In both *Cotto v. Colvin*, 13-CV-6581-FPG ("*Cotto*") and *Wahl v. Colvin*, 14-CV-6461-FPG ("*Wahl*") the parties stipulated to reverse the final decision of the Commissioner of Social Security, and to remand the matter for further administrative proceedings. The Court approved both stipulations, both matters were remanded to the Commissioner of Social Security, and the Clerk of Court entered judgment in favor of the Plaintiff in both matters. *Cotto*, ECF Nos. 10, 11; *Wahl*, ECF Nos. 10, 11.

      His clients having prevailed in these actions, Mr. Olinsky moved in both matters for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). *Cotto*, ECF No. 12; *Wahl*, ECF No. 12. The government opposes both applications (*Cotto*, ECF No. 16; *Wahl*, ECF No. 14), and Mr. Olinsky filed reply memoranda in

both matters (*Cotto*, ECF No. 17; *Wahl*, ECF No. 17).  The Court finds oral argument unnecessary, and because of the overlap of the issues presented, will determine the applications in this consolidated decision.

DISCUSSION

I.       EAJA and the Legal Standard

Pursuant to the EAJA, "a party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under the subsection."  28 U.S.C. § 2412(d)(1)(B).  Such an application must include "the amount sought, including an itemized statement from any attorney…stating the actual time expended and the rate at which fees and other expenses were computed."  *Id.*

For over thirty years, the Second Circuit has required EAJA fee applications to be supported by contemporaneous time records.  *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983); *see also Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010).  The Second Circuit has described this requirement as a "strict rule from which attorneys may deviate only in the rarest of cases."  *Scott*, 626 F.3d at 133.  Those rare cases could include, for example, "where the records were consumed by fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application."  *Id.*

II.      The *Cotto* Fee Application

In *Cotto*, Mr. Olinsky requests payment for 9.5 attorney hours at $193.78 per hour, totaling $1840.91, costs of $52.22 for filing and service of the Complaint, and 3.4 administrative hours at $80.00 per hour, totaling $272.00.  *Cotto*, ECF No. 12-1 at 12-14.  Notably, Mr. Olinsky does not aver to the Court that his hours are supported by contemporaneous time records.  Instead, his

submission makes reference to time records that are "a compilation of hours spent preparing and handling this case for U.S. District Court." ECF No. 12-1, at 3. Further, that compilation (referred to as "itemization" on the actual sheets) does not contain any names to identify who performed the work reflected on that sheet. Rather, the itemizations break down work into two separate listings: one for "Attorney Services Rendered/Work Performed" and one for "Administrative Services Rendered/Work Performed."

The government objects to the attorney fee application, and argues that the records are not contemporaneous, nor do they identify the individuals who performed the listed work. ECF No. 16. In his reply brief, Mr. Olinsky chides government counsel and argues that "Defendant raises unsubstantiated allegations that the undersigned has a 'history of failing to maintain adequate contemporaneous time records.'" ECF No. 17 at 3, quoting ECF No. 16 at 3. But again, nowhere in Mr. Olinsky's affidavits does he state that the records are contemporaneously kept, which begs the question: why is such a statement missing? The requirement to keep contemporaneous time records is not new, and this entire issue might have been settled if Mr. Olinsky simply stated in his reply affidavit that the time records he submitted (and now defends) were indeed kept contemporaneously.

Instead of simply stating in his affidavit that the records were indeed kept contemporaneously, Mr. Olinsky argues that the government is "rais[ing] unsubstantiated allegations."

As a result, the Court reviewed other reported cases handled by Mr. Olinsky around the time of *Cotto,* and they explain why his affidavit does not characterize the time records as being contemporaneous. For example, in *Kottwitz v. Colvin*, 114 F. Supp. 3d 145 (S.D.N.Y. 2015), Mr. Olinsky applied for attorney fees after the parties stipulated to remand the case to the Commissioner of Social Security – exactly what occurred in this case. Southern District of New

3

York Magistrate Judge Sarah Netburn recommended that Mr. Olinsky's application for attorney fees be denied, because "(1) Plaintiff's counsel failed to maintain contemporaneous time records; and (2) attorney's fees may not be awarded for clerical tasks." *Id.* at 147.  The recommendation was based upon Mr. Olinsky's "conced[ing] that Counsel does not maintain contemporaneous *time records*.  And Counsel's efforts to cobble together a historical account of time expended based upon *work records* is not only contrary to the legal standard, but proves to be inadequate as a factual matter." *Id.* at 151 (emphasis in original).  Magistrate Judge Netburn went on to point on discrepancies between time records submitted by Mr. Olinsky, where the same task was performed on two separate dates, depending on which report the reader was viewing.  In denying Mr. Olinsky's fee application, Magistrate Judge Netburn stated that she was "particularly troubled by this evidence given that Counsel has 'practiced Social Security law since 1986," and his law firm has "handled approximately 1,000 Social Security cases in United States District Court.'… An award of fees in this case would reward conduct that violates law that has been settled for decades." *Id.* at 151.

This issue was also briefed in *Dyer v. Colvin*, No. 13-CV-6312, 2016 WL 6404171 (W.D.N.Y. Oct. 28, 2016).  In *Dyer*, Plaintiff conceded "that her attorney, Howard Olinsky, did not keep contemporaneous time records prior to August 28, 2014."  Indeed, as Magistrate Judge Payson noted, courts across the Second Circuit had uniformly held that Mr. Olinsky did not keep contemporaneous time records prior to August 28, 2014. *See, e.g., Casul v. Colvin*, 2016 WL 6072389, *1-2 (N.D.N.Y. 2016) ("the [c]ourt concludes that time billed for this case on and after August 28, 2014, is compensable"); *Williams v. Colvin*, No. 13-CV-5431-RLE, 2015 WL 9275682, *1-2 (S.D.N.Y. 2015); *Jones v. Colvin*, 2015 WL 6801830, *2-3 (W.D.N.Y. 2015) (same); *Durso v. Colvin*, 2015 WL 5684039, *2-3 (D. Conn. 2015) (same); *Melendez v. Colvin*, 2015 WL 9659977, *2 (S.D.N.Y. 2015) (same), *report and recommendation adopted*, 2016 WL

79990 (S.D.N.Y. 2016); *Stroud v. Comm'r of Soc. Sec. Admin.*, 2015 WL 2114578, *5 (S.D.N.Y.) (same; awarding fees at hourly rate of $192.29), *report and recommendation adopted as modified*, 2015 WL 2137697 (S.D.N.Y. 2015).

Further, in *Stroud v. Comm'r of Soc. Sec.*, No. 13 CIV. 3251 AT JCF, 2015 WL 2137697, at *1 (S.D.N.Y. May 6, 2015), the Court directed Mr. Olinsky "to file a declaration indicating the date on which the firm began keeping contemporaneous time records (i.e., when the firm started using 'a stopwatch feature to track the hours [spent] working on any task'"). In response, Mr. Olinsky submitted a declaration dated May 5, 2015 which stated that he "learned 'how to turn on the ledger tab, [which] allows for stopwatch timekeeping or direct after the fact timekeeping' on August 27, 2014, and that the firm 'began keeping contemporaneous time records in this case and all other cases on August 28, 2014.'" (alterations in original). Neither this declaration nor its underlying facts were brought to the Court's attention by Mr. Olinsky in his attorney fee applications.

Based on these authorities, and based upon the declaration submitted by Mr. Olinsky in *Stroud,* it is beyond dispute that prior to August 28, 2014, Mr. Olinsky did not keep contemporaneous time records that would accord with the relevant requirements for attorney fee applications. That date is particularly relevant to the *Cotto* fee application, since almost all of the time Mr. Olinsky requests compensation for was *prior* to August 28, 2014. Indeed, only 2.9 hours of the attorney time sought by Mr. Olinsky occurred after August 28, 2014.

But even those 2.9 hours are problematic, as the ledgers submitted by Mr. Olinsky – one directly to the Court (ECF No. 12-1, at 12-13), and the other that was provided by Mr. Olinsky to the government and then submitted by the government to the Court (ECF No. 16-1 at 2-4) demonstrate the issue identified by Magistrate Judge Netburn.

5

In the ledger submitted to the Court, Mr. Olinsky seeks attorney fees for services performed on October 8, 2014 for "Begin Preparation of EAJA motion" of 1.8 hours. The ledger is silent regarding who performed these services. ECF No. 12-1 at 12. However, the "more detailed" ledger submitted by Mr. Olinsky to the government lists no entries for any services performed on October 8, 2014. ECF No. 16-1 at 4. However, it does contain an entry dated October 3, 2014 for "EAJA Preparation" of 1.8 hours, and lists Shannon Persse as the individual performing these services. *Id.*

This contradiction is problematic to the Court. In another case, the Court would likely chalk this up to a typographical error. And while that could be what occurred in this case, the prior history of timekeeping issues noted by other courts regarding similar discrepancies make it extremely difficult for the Court to reach that conclusion.

More fundamentally, of the 2.9 hours listed after August 28, 2014, 2.7 of those hours were for preparation of Mr. Olinsky's EAJA motion. In other words, the hours are being expended (and sought to be reimbursed) for preparing a motion for payment of hours that were not recorded contemporaneously, and therefore not compensable, in the first place.

As a result, Mr. Olinsky's application (ECF No. 12) for EAJA attorney fees is DENIED because contemporaneous time records do not support the application. The portion of the application that seeks $52.22 in costs relating to serving the summons and complaint and for Federal Express expenses is GRANTED.

### III.   The *Wahl* Fee Application

In *Wahl*, Mr. Olinsky seeks $7,070.96 in attorney fees, and costs of $15.39. ECF No. 12. Similar to the *Cotto* application, Mr. Olinsky does not affirm that the time records produced to the Court were kept contemporaneously. Instead, he states that the "attached records were created

6

and stored in the firms Prevail Database, and are printed out and attached. The itemized time represents hours spent preparing and handling this case for U.S. District Court." ECF No. 12-1. Mr. Olinsky's fee application in *Wahl* is dated May 5, 2015.

The government had no objection to the $15.39 in costs, but opposed the attorney fee application on the ground that "Plaintiff's counsel fails to demonstrate that he maintained contemporaneous time keeping records of the time he expended in this case." ECF No. 14 at 1. The government cited several cases from other courts where Mr. Olinsky was denied attorney fees in other cases based on the failure to keep contemporaneous records. The government cited the *Stroud* decision that was previously referenced, and argued that in that case "the Court found that…Plaintiff's counsel's firm did not begin keeping contemporaneous time records until August 28, 2014." ECF No. 14 at 3.

In a reply memorandum dated May 27, 2015, Mr. Olinsky wrote:

Plaintiff does not dispute Defendant's assertion that, when Counsel fails to maintain contemporaneous time records, Plaintiff is not entitled to attorneys' fees. However, Defendant's assertion that Plaintiff's counsel failed to maintain contemporaneous time records in this case is wholly unsupported. Indeed, Defendant offers nothing to support this claim beyond her own erroneous conjecture, and this challenge amounts to nothing more than a waste of time and resources for Plaintiff's counsel and this Court.

Counsel for Defendant astutely cites three other cases where his office has challenged the time-keeping method utilized by Plaintiff's counsel in his previous petitions for fees under the EAJA. Dkt. No 14 at 2-3. However, as Defendant notes, this issue was most recently adjudicated by the Federal District Court for the Southern District of New York in *Stroud v. Commissioner of Social Security*, No. 13-CV-3251 (AT) (JCF), 2015 WL 2137697 at *1 (S.D.N.Y. May 6, 2015), and the Court held that Plaintiff's counsel's firm began keeping records, consistent with Plaintiff's declaration filed in *Kottwitz v. Colvin, 14 Civ. 2677,* have shown that Plaintiff's counsel's efforts regarding methods of time-keeping have adequately complied with the definition of "contemporaneous" as of August 28, 2014. *Id* at *2. Defendant's counsel has offered no support for the assertion that the undersigned's methods of timekeeping are inadequate for the time requested as of August 28, 2014.

> Therefore, the undersigned respectfully requests that this Court enter an Order granting Plaintiff Attorney's Fees in the amount of $6,904.68 for the 35.3 hours of work performed after August 28, 2014, at the hourly rate of $195.60 requested in Plaintiff's motion at Dkt. 12. The undersigned further requests fees in the amount of $254.28 for the 1.3 hours spent drafting this response to this challenge.

ECF No. 15 at 1-2.

Although Mr. Olinsky characterizes the government's challenge as being "wholly unsupported" and "nothing more than a waste of time and resources for Plaintiff's counsel and this Court," he also changed the amount sought in attorney fees without sufficient explanation.  The original application sought $7,070.96, but he now seeks $6,904.68 – and additionally, he also seeks an additional $254.28 for the 1.3 hours he spent replying to the government's challenge.  The Court notes Mr. Olinsky's statement that he is seeking "$6,904.68 for the 35.3 hours of work performed after August 28, 2014, at the hourly rate of $195.60 requested in Plaintiff's motion."  However, the provided records do not support that request.  Indeed, eliminating all of the time prior to August 28, 2014 results in a greater decrease than the $166.28 difference between the two figures.  Further, it would appear that the 35.3 hours that Mr. Olinsky is now referring to – and for which he requests reimbursement for at the attorney rate of $195.60 – contain at least 5 hours of paralegal time, billed under the names of Persse, Rowe, Smith, and/or Tinsley.

The *Wahl* fee application is troubling.  Recall that on May 5, 2015, Mr. Olinsky submitted a declaration to a judge in the Southern District of New York in the *Stroud* case, where he stated that he "learned 'how to turn on the ledger tab, [which] allows for stopwatch timekeeping or direct after the fact timekeeping' on August 27, 2014, and that the firm 'began keeping contemporaneous time records in this case and all other cases on August 28, 2014.'" *Stroud*, 2015 WL 2137697, at *1.

On that same day – May 5, 2015 – Mr. Olinsky submitted the *Wahl* EAJA application to this Court.  In other words, on May 5, 2015, Mr. Olinsky is telling one court that he "began keeping

8

contemporaneous time records in this case [*Stroud*] and all other cases [such as *Wahl*] on August 28, 2014," while he is simultaneously telling this Court that he should be granted attorney fees for work performed on numerous dates prior to August 28, 2014 – but without informing the Court of the record keeping problem.  To be clear, Mr. Olinsky's fee application in *Wahl* contains entries for time for which he seeks EAJA payment for on June 13, 2014; July 3, 2014; July 11, 2014; July 17, 2014; July 21, 2014; July 22, 2014; July 24, 2014; July 28, 2014; July 30, 2014 (three entries); August 5, 2014; August 8, 2014 (4 entries); August 13, 2014 (2 entries); and August 26, 2014 (2 entries) and August 27, 2014 (2 entries).  ECF No. 12-1 at 7.

   Submitting these time entries to the Court and representing them as being compensable under EAJA on the very same day that Mr. Olinsky told another federal judge that his firm did not keep contemporaneous time records for these dates is unacceptable.  But more concerning to the Court is the fact that once the government responded to the application and pointed out that other courts have held (and Mr. Olinsky has himself stated) that he did not keep contemporaneous time records until August 28, 2014, rather than fixing this problem, Mr. Olinsky doubled down.  Instead of conceding that certain entries were from a time when he did not keep contemporaneous time records, he told this Court that the government's "assertion that Plaintiff's counsel failed to maintain contemporaneous time records in this case is wholly unsupported." ECF No. 15.  But by Mr. Olinsky's own statement – given the same day he applied for attorney fees in this case – the government is correct.  Indeed, in an affidavit from Mr. Olinsky that is attached to his reply, he states that "On August 28, 2014, my attorneys and staff were trained to contemporaneously track their hours, and thus my firm began keeping contemporaneous time records in this case since August 28, 2014 and beyond."  ECF No. 15-1 at 2.  Of course, that statement is incompatible with counsel's prior statement that the government's challenge to his record keeping practices was "wholly unsupported."

9

Here, the Court cannot rely on the records provided by Mr. Olinsky. They fail to differentiate between records kept contemporaneously and those that were not, and his contradictory statements regarding this application are troubling. In addition, the change between the amount he requested in his original application and that requested in his later reply memorandum also gives the Court pause in deciding whether it can rely on the presented records, since the numbers do not correspond correctly, and it appears that paralegal time is being sought for reimbursement at attorney rates. It has long been settled that counsel is responsible for keeping and maintaining contemporaneous time records, and the Court cannot be confident that the records submitted in this case – a combined ledger that lists amounts that undoubtedly seek compensation for time that was not kept contemporaneously – satisfy counsel's burden to produce appropriate records to meet the applicable standard. In addition, the inclusion of time records that counsel knew were not contemporaneously kept on the very same day that he is filing an affidavit with a court to say that records before August 28, 2014 were not contemporaneous, is very troubling, and cannot be tolerated. Counsel owes a duty of candor to the Court, and arguing that a challenge is "wholly unsupported" when it is confirmed by Counsel's own admissions is inconsistent with that duty.

For these reasons, the Court cannot conclude that the records submitted by Mr. Olinsky in *Wahl* satisfy his burden to provide the Court with acceptable and contemporaneous time records, and the application for attorney fees is DENIED. Mr. Olinsky's unopposed request for $15.39 in costs is GRANTED.

## CONCLUSION

For the reasons stated, Mr. Olinsky's EAJA applications for attorney fees in *Cotto* and *Wahl* are DENIED. His requests for the award of $15.39 in costs in *Wahl* and $52.22 for costs in *Cotto* are GRANTED, and Defendant shall promptly pay those sums to Plaintiff's counsel.

IT IS SO ORDERED.

DATED:   July 17, 2017
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court